33 C.C.P.A.(Patents)

## Application of RIDDLE.
### Patent Appeal No. 5153.

Court of Customs and Patent Appeals.

May 7, 1946.

Scott H. Lilly, of Toledo, Ohio (Owen & Owen, of Toledo, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1, and 3 to 9, inclusive) in appellant's application for a patent for an alleged invention relating to an "alumina insulating material and method of making the same."

Claims 1, 3, 4, 5, and 6 are product claims, of which claim 3 is illustrative. Claims 7, 8, and 9 are method claims, of which claims 8 and 9 are illustrative.

Claims 3, 8, and 9 read:

"3. A stable, dense, fine grained, vitreous, sintered electric insulator consisting of crystallized alumina and glass, and comprising at least 75% alumina, from 5% to 15% silica, and alkaline earth compound in an amount at least two-fifths as much as there is silica."

"8. The method of making an electric insulator which consists in firing to vitrification a ceramic body comprising a major portion of alumina crystals and mullite mineral that is transformed into mullite below cone 20, and mineralizers that bring the maturing point of the body below cone 20 but leave it above the transforming temperature of the mullite mineral, the mineralizers comprising alkaline earth compounds, and governing the time of firing and the proportion of silica to alkaline earth compound so that not more than 2% of mullite crystals are left in the fired body.

"9. The method of making an electric insulator which consists in firing to vitrification a ceramic body comprising about 84% alumina crystals, about 10% mullite materials and about 6% mineralizers consisting chiefly of alkaline earth compounds, and continuing the firing until there are no mullite crystals detectable in the fired body."

The references are: Wood, 2,195,950, April 2, 1940; Fessler et al., 2,272,618, Feb. 10, 1942.

Appellant's insulator consists essentially of crystals of alumina bonded together by silica glass, and is substantially free from mullite. The process comprises the firing of ceramic materials which include alumina and silica. It appears that under certain conditions ceramic materials combine to form mullite, which is an aluminum silicate, and which, according to the record, is undesirable in an electric insulator. Appellant states in his application that mullite may be eliminated from the insulating material by the use of "alkaline earth fluxes"; that "Compounds of beryllium have the least inhibiting effect of this group of compounds, while compounds of magnesium are more effective, and compounds of calcium, strontium and barium are still more effective"; and that mullite may be entirely inhibited by the use of oxides of calcium, strontium and barium. Appellant's insulating material is alleged to be particularly suitable for use in spark plugs.

The patent to Wood discloses a process of making a refractory body by firing a mixture consisting mainly of alumina and silica. The patentee states that the occurrence of mullite in the final product may be avoided by the use of a flux containing fluorspar (calcium fluoride) or cryolite (sodium aluminum fluoride). Calcium is an alkaline earth metal, the oxide of which is called alkaline earth, and sodium is an alkali metal. See Webster's New International Dictionary. The patentee also states: "If, however, the body be found to contain mullite, either the firing temperature should be reduced or the quantity of fluorine-containing substance should be increased, or both, until mullite disappears from the body * * *."

The Fessler et al. patent relates to spark plug insulators, and discloses a process which includes the firing of materials including alumina and silica in the presence of alkaline earth fluxes, such, for example, as magnesium oxide. The patentees teach that corundum (alumina) and glass are effective electric insulators. However, they do not teach how the firing conditions could be regulated to eliminate mullite from the insulator, nor do they suggest that it is desirable to eliminate it. On the contrary, the patentees state that their spark plug insulator contains mullite, and some of the claims of their patent expressly call for the presence of mullite crystals.

The Primary Examiner rejected all of the appealed claims as being unpatentable over each of the references of record.

■ In affirming the decision of the Primary Examiner, the Board of Appeals relied mainly on the disclosure in the Fessler et al. patent. It very briefly discussed the patent to Wood, and stated that Wood's product was substantially the same as that defined in appealed claim 1 and that his disclosure anticipated the subject matter defined in method claims 7 and 8. The board did not expressly reverse the holding of the Primary Examiner that each of the appealed claims was unpatentable over the disclosure in the patent to Wood, but, on the contrary, entered a general affirmance of the examiner's decision, which includes an affirmance of the rejection of all of the appealed claims on the disclosure in the Wood patent. See In re Boyce, 144 F.2d. 896, 32 C.C.P.A., Patents, 718, and cases therein cited.

■ It may be, as stated by the Board, that the spark plug insulator disclosed in the patent to Fessler et al. is free from mullite crystals. However, as hereinbefore noted, the patentees not only do not suggest the desirability of eliminating mullite from their insulator, but some of the claims of the patent expressly call for the presence of mullite. But, be that as it may, we are of opinion, for the reasons hereinafter stated, that the tribunals of the Patent Office were right in holding that the appealed claims are unpatentable over the references of record.

Each of the appealed claims recites, in its introductory clause, an "electric insulator" or a "method of making an electric insulator," and counsel for appellant urge that those introductory clauses are limitations in the claims which distinguish them from the disclosure in the Wood patent.

It will be recalled that the composition disclosed in the patent to Wood consists substantially of corundum (alumina) and

glass. As hereinbefore noted, both of those materials are effective insulators, and it is evident that the composition disclosed by Wood has electric insulating properties. Whether the patentee's product is as effective as an insulator as that of appellant, or whether it would be suitable for use in spark plugs, is not material to the issues here presented, since the appealed claims do not specify any particular degree of insulation nor do they contain any reference to spark plugs. Accordingly, even though, as argued by counsel for appellant, the introductory clauses be regarded as placing definite limitations on the claims, the claims do not distinguish from the composition disclosed in the Wood patent.

It is stated in each of the appealed claims, with the exception of claim 1, that an alkaline earth compound is used in making appellant's product, and it is alleged by counsel for appellant that the use of alkaline earth compounds to eliminate mullite from appellant's product, instead of calcium fluoride or sodium aluminum fluoride (used by the patentee Wood for the same purpose), involves invention.

It is the contention of counsel for appellant that the alkaline earth compounds called for by the appealed claims are intended to include only such compounds as contain oxygen, and were not intended to include compounds which do not contain oxygen, such as calcium fluoride (fluorspar), a compound of the earth metal, calcium, used by Wood.

Assuming that counsel's interpretation of claims 3 to 9, inclusive, is correct, and that those claims are limited to the use of alkaline earth compounds which contain oxygen, the question presented is whether the use of such compounds renders those claims patentable over the prior art. The mere fact that a difference exists between the fluxing materials used by the patentee Wood and those called for by the claims here on appeal is not sufficient to warrant a holding that the appealed claims are patentable. "It is elementary that novelty alone is not sufficient to impart patentability to a claim. Invention must be present." See In re Hass et al., 141 F.2d 122, 125, 31 C.C.P.A. Patents, 895, and cases therein cited.

It is not stated in appellant's application that oxygen is an essential or important ingredient of the fluxing material. While it is true that the materials given in the specific examples all contain oxygen, the specification contains broad references to "compounds of calcium, strontium and barium," and compounds of magnesium or beryllium, and the effectiveness of those compounds is compared solely on the basis of the particular metal which they contain. This clearly suggests that it is the metal which is considered the vital element of the compound, and that the other elements in the compound are not important.

In an affidavit filed during the prosecution of his application before the Primary Examiner, appellant asserted that Wood's products, made by the use of "alkali compounds," would not be as effective as insulators as appellant's products, made by the use of alkaline earth compounds, and gave as his reason for that statement that Wood's compounds contain fluorine and that "fluorine in any considerable quantities is detrimental to the insulating qualities of a ceramic composition at high temperatures." It is not alleged in appellant's application or in his affidavit that his fluxing material, which contains oxygen, is superior to a fluxing material which does not contain oxygen.

Under such circumstances, we are unable to hold that the use of a fluxing material, which contains oxygen, produces an insulating material which is patentably different from the insulating material disclosed in the patent to Wood.

Counsel for appellant also contend that the patent to Wood fails to disclose "mullite material," called for by appealed claims 5, 6, and 9, or "mullite mineral," called for by appealed claims 7 and 8, within the meaning of those terms as defined in appellant's application.

Appellant states in his application that "In the appended claims, the term 'mullite material' is employed to cover either previously formed mullite or materials which would be transformed to mullite during the

normal firing of the body, in the absence of an inhibitor, while 'mullite mineral' is employed to cover andalusite, cyanite, sillimanite, dumortierite, and similar aluminum silicate minerals that are transformed into mullite upon heating at temperatures below the temperature at which pure alumina and silica unite to form mullite."

The patentee Wood plainly states that his product may contain mullite, unless a sufficient amount of flux is included. The flux, therefore, acts as an inhibitor and, since the materials used would be transformed to mullite if the flux were not present, they are mullite materials or mullite minerals within the meaning of those terms as employed by appellant.

Claims 1, 3, 4, 5, 6, 8, and 9 contain references to specific proportions of ingredients, and, in addition, claim 8 contains reference to specific temperatures. The proportions and temperatures specified in the claims closely approximate those disclosed in the patent to Wood, and it has not been established that such differences as exist differentiate appellant's insulating material from that disclosed by Wood.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.